**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Kimberly Hebbe, | : |
|                      Plaintiff, | : Civil Action No.: 1:14-cv-14024 |
| v. | : |
| Credit Collection Services; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                      Defendants. | : |

For this Complaint, Plaintiff, Kimberly Hebbe, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Kimberly Hebbe ("Plaintiff"), is an adult individual residing in Waco, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Credit Collection Services ("CCS"), is a Massachusetts business entity with an address of 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engages in Harassment and Abusive Tactics

11. In or around August 2014, CCS placed a call to Plaintiff's place of employment and discussed the Debt with one of Plaintiff's co-workers.

12. This disclosure caused Plaintiff a great deal of stress and embarrassment.

### C. Plaintiff Suffered Actual Damages

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

14. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's co-worker regarding the Debt.

17. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

19. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

20. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2014

                                       Respectfully submitted,

                                       By   /s/ Sergei Lemberg

                                       Sergei Lemberg (BBO# 650671)
                                       LEMBERG LAW, L.L.C.
                                       1100 Summer Street, 3rd Floor
                                       Stamford, CT 06905
                                       Telephone: (203) 653-2250
                                       Facsimile:  (203) 653-3424
                                       Attorneys for Plaintiff